*Jr.*, for appellee.

## S95A1589. COLTON v. THE STATE.
(465 SE2d 279)

FLETCHER, Presiding Justice.

A jury convicted Bradley R. Colton of the murder of Barbara Ann Wheeler, his estranged wife, and Charles Brooks, her boyfriend's brother, and the aggravated assault and battery of Michael Steven Brooks, Wheeler's boyfriend.[1] Following the penalty phase of the trial, the jury returned a verdict of life imprisonment without the possibility of parole on both murder counts. The trial court imposed consecutive life sentences and an additional twenty years on one aggravated battery count. Colton appeals the denial of his motion for a new trial, alleging that the evidence at trial was insufficient, his statement to police was not made voluntarily, the jury charge was erroneous, and his trial counsel were ineffective. We disagree and affirm.

1. The evidence shows that Colton shot Wheeler and the Brooks as they were seated in a car parked at the Avondale MARTA station. The surviving victim identified Colton and described the shooting, which occurred in front of the two sons of Colton and Wheeler. A bus driver testified that he turned around to see Colton walk away from the car with a gun pointed down and recorded Colton's tag number as he drove away in a station wagon. Colton drove directly to the police department, telling a police officer outside the building that he wanted to turn himself in, he had shot someone, and he had thrown the gun out of his car window. In his custodial statement, Colton admitted that he had bought a gun and argued with his wife at the MARTA station. After reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found Colton guilty of malice murder and aggravated battery.[2]

2. The trial court found that Colton was advised of his *Miranda* rights, understood and voluntarily waived them, and gave his statement freely and voluntarily. Because the testimony of the interviewing officer supports these findings, the trial court properly admitted

---

[1] The crimes occurred on April 2, 1994. After indicting Colton, the state filed notice of its intent to seek the death penalty on June 15, 1994. Colton was reindicted on October 25, 1994, convicted on January 11, 1995, and sentenced the following day. The trial court denied Colton's motion for a new trial on May 2, 1995. Colton filed a notice of appeal on May 26, 1995. The case was docketed on July 7, 1995, and submitted for decision without oral argument on September 21, 1995.

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Colton's custodial statement into evidence.[3]

3. The trial court also adequately charged the jury on Colton's decision not to present evidence and did not err in giving the charge after closing arguments. Colton never requested that the charge be given at the close of his case nor does he cite any authority requiring it to be made at that time.

4. Finally, Colton fails to show that his attorneys at trial performed deficiently or that the result would have been different but for their deficiency.[4] The two public defenders who represented him met with him at least fifteen to twenty times for twenty minutes to an hour during the four months prior to his trial. They filed eighteen pretrial motions; reviewed and copied the state's file; gathered school, medical, and work records; interviewed Colton's relatives, former teachers and principal, and co-workers; hired a social worker who prepared a social history and a clinical neuropsychologist who performed and interpreted twenty different tests; and presented eleven witnesses in mitigation, including the two experts. In addition, two investigators and two death penalty lawyers talked with Colton about the case prior to trial. Both his attorneys recommended that he not testify because he did not recall the shootings, would not make eye contact, and had difficulty expressing himself verbally. At trial he told the judge that he chose not to testify. Following the penalty phase, the jury returned a verdict of life imprisonment without parole on both murder counts, rejecting the death penalty that the state sought. Based on this evidence, the trial court properly found that Colton's attorneys were not ineffective.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 8, 1996.

*Elliott A. Shoenthal,* for appellant.

*J. Tom Morgan, District Attorney, Robert M. Coker, J. Michael McDaniel, Assistant District Attorneys, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Wesley S. Horney, Assistant Attorney General,* for appellee.

---

[3] See *Edwards v. Arizona,* 451 U. S. 477 (101 SC 1880, 68 LE2d 378) (1981); *Carter v. State,* 257 Ga. 510, 513 (361 SE2d 175) (1987) (clearly erroneous standard of review applies to trial court's findings on the admissibility of statement).

[4] See *Strickland v. Washington,* 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).